UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-5953-DMG (JEMx) | Date | July 27, 2021 |
|---|---|---|---|
| Title | *Michelle Raith v. International Guiding Eyes Inc., et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO THE LOS ANGELES COUNTY SUPERIOR COURT**

On May 26, 2021, Plaintiff Michelle Raith filed a Complaint in the Los Angeles County Superior Court against Defendants International Guiding Eyes, Inc. and Russell Gittlen. [Doc. # 3.] On July 22, 2021, Defendants removed the action to this Court, asserting federal question jurisdiction under 28 U.S.C. § 1331. Not. of Removal ("NOR") [Doc. # 1].

Federal question jurisdiction exists over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Furthermore, pursuant to 28 U.S.C. § 1441(a), an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court. "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin v. Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009).

Defendants base their removal solely on Plaintiff's tenth cause of action: "Common Law Claim for Wrongful Adverse Employment Actions in Violation of Public Policy (Reporting NLRA Violations)." They assert that this claim arises under the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq.* NOR ¶¶ 11-12. But from the face of the Complaint, the claim is one for wrongful employment retaliation arising under state law—namely, California Labor Code section 1102.5, which prohibits retaliation against an employee for disclosing information to a government agency. Compl. ¶¶ 77-78. Although the alleged disclosures here involved reporting NLRA violations, the cause of action does not state what purported NLRA violations are at issue and therefore does not show on its face that it arises under, or is preempted by, the NLRA. *See id.* Even if NLRA issues are at play, federal question jurisdiction premised on state law claims would be proper only if Defendants also show that the federal issues are "actually disputed and substantial," and "a federal forum may entertain [the issues] without disturbing any congressionally approved balance of federal and state judicial responsibilities."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-5953-DMG (JEMx) | Date | July 27, 2021 |
|---|---|---|---|
| Title | *Michelle Raith v. International Guiding Eyes Inc., et al.* | Page | 2 of 2 |

*See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Defendants have not even attempted to make that showing.

Accordingly, because it is not clear that the Court has federal question jurisdiction, Defendants are hereby **ORDERED TO SHOW CAUSE** why this action should not be remanded to the Los Angeles County Superior Court for lack of subject matter jurisdiction. Defendants shall file a response by no later than **August 4, 2021**. **Failure to timely file a satisfactory response by this deadline will result in the remand of this action.** Plaintiffs shall file a reply, if any, by **August 11, 2021.**

**IT IS SO ORDERED.**