UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-5953-DMG (JEMx) | Date | August 5, 2021 |
|---|---|---|---|
| Title | *Michelle Raith v. International Guiding Eyes Inc., et al.* | Page | 1 of 2 |

Present: The Honorable     DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO THE LOS ANGELES COUNTY SUPERIOR COURT**

On July 27, 2021, the Court ordered Defendants to show cause why this case should not be remanded to the Los Angeles County Superior Court for lack of subject matter jurisdiction. [Doc. # 11 ("OSC").] The Court noted that while Defendants assert federal question jurisdiction under 28 U.S.C. § 1331 in their removal, all of Plaintiff's causes of action arise under state law. *Id.* Defendants point to the presence of a federal question in Plaintiff's tenth cause of action—wrongful adverse employment actions in retaliation for reporting National Labor Relations Act ("NLRA") violations—but as the Court noted, that claim on its face actually arises under California Labor Code section 1102.5, which prohibits retaliation against an employee for disclosing information to a government agency. *Id.*; *see also* Compl. ¶¶ 77-78 [Doc. # 3].

Defendants filed their Response to the OSC on August 4, 2021. [Doc. # 12.] They argue that Plaintiff's Section 1102.5 cause of action requires her to demonstrate that she had reasonable cause to believe that the information she disclosed involved a violation of the NLRA or the parties' collective bargaining agreement, which necessarily involves interpretation of federal law. But as the Court noted in its OSC, the presence of a federal issue in a state law claim alone does not compel federal question jurisdiction. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) ("[N]either have we treated 'federal issue' as a password opening federal courts to any state action embracing a point of federal law."). Rather, the federal issue must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable*, 545 U.S. at 314).

Defendants still do not engage with the *Grable* test at all. Nor do they attempt to demonstrate that the cause of action is completely preempted by the Labor-Management Relations Act ("LMRA"). *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation*

UNITED STATES DISTRICT COURT  **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. **CV 21-5953-DMG (JEMx)** | Date **August 5, 2021** |
| Title *Michelle Raith v. International Guiding Eyes Inc., et al.* | Page **2 of 2** |

*Tr. for S. California*, 463 U.S. 1, 23-24 (1983).[1]  Accordingly, Defendants have not met their burden of establishing subject matter jurisdiction.[2]  The Court therefore **REMANDS** this action to the Los Angeles County Superior Court.  All scheduled dates and deadlines are **VACATED.**

**IT IS SO ORDERED.**

---

[1] Claims for "violation of contracts between an employer and a labor organization" are completely preempted by the LMRA and give rise to federal question jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 23-24. *But see Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994) ("[The LMRA] cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law[;] . . . it is the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement . . . that decides whether a state cause of action may go forward."); *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407 (1988) (retaliatory discharge claim not completely preempted by the LMRA).  Although Defendants mention in passing that Plaintiff's claim will involve interpretation of a governing collective bargaining agreement, they do not show how the agreement is implicated with any specificity (and the Complaint does not mention any such agreement), or that Plaintiff's asserted rights do not arise independently from it.

[2] The Court reaches this conclusion without the need to review any Reply from Plaintiff.  The Court therefore issues this Order without waiting for Plaintiff to file a Reply, notwithstanding that the OSC initially invited Plaintiff to file a Reply by August 11, 2021.  Moreover, lack of subject matter jurisdiction may not be waived.